UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL LUDDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1110 RLW |
| | ) | |
| MARYLAND HEIGHTS POLICE | ) | |
| DEPARTMENT, THE CITY OF | ) | |
| MARYLAND HEIGHTS, GIL | ) | |
| WEINGART, CHRIS LANDUYT, | ) | |
| RANDY NOLAND and JIM FOSSELL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (ECF No. 6). The motion is fully briefed and ready for disposition.

## Background

This case stems from a Notice of Condemnation from the City of Maryland Heights, Missouri ("Maryland Heights"), pertaining to Plaintiff Daniel Ludden's residence. On July 1, 2011, Randy Nolan, Building Commissioner for Maryland Heights, signed a Notice of Condemnation directed to Plaintiff at his residence located at 2035 Quiet Stream Drive, Maryland Heights, Missouri. (Pet. ¶¶ 3-4, ECF No. 7) Jim Fossell, the assigned Code Enforcement Officer, issued a Field Correction Notice on July 13, 2011, which required Plaintiff to take certain actions to obtain an occupancy permit for his residence. (*Id.* at ¶ 5) Plaintiff maintains that Jim Fossell gave Plaintiff verbal permission to take corrective action from dawn to dusk but failed to notify Randy Noland or the Maryland Heights Police Department. (*Id.* at ¶¶ 38, 76) On that same date, Maryland Heights Police Officer Chris Landuyt entered Plaintiff's

home while he was making repairs, and notified Plaintiff that he did not have permission to be there after 7:00 p.m. (*Id.* at ¶¶ 6-7, 39)  Officer Landuyt arrested Plaintiff and transported him to the Maryland Heights City Jail, where he was incarcerated. (*Id.* at ¶¶ 8-9)  Officer Gil Weingart approved the incident report. (*Id.* at ¶ 11)

On May 19, 2014, Plaintiff filed a Petition in the St. Louis County Circuit Court, which Defendants removed the federal court on June 18, 2014 based on original jurisdiction.  In the seven count Petition, Plaintiff alleges negligent false imprisonment against Defendants City of Maryland Heights, Maryland Heights Police Department, Gil Weingart, and Chris Landuyt (Count I); negligence per se false imprisonment against Defendants City of Maryland Heights, Maryland Heights Police Department, Officer Weingart, and Officer Landuyt (Count II); false imprisonment in violation of 42 U.S.C. § 1983 against Defendants City of Maryland Heights, Maryland Heights Police Department, Officer Weingart, and Officer Landuyt (Count III); negligent false imprisonment against Defendants City of Maryland Heights, Maryland Heights Police Department, and Randy Noland (Count IV); negligence per se false imprisonment against Defendants City of Maryland Heights, Maryland Heights Police Department, and Randy Noland (Count V); wrongful condemnation in violation of 42 U.S.C. § 1983 against Defendants City of Maryland Heights and Randy Noland (Count VI); and negligent false imprisonment against Defendants City of Maryland Heights, Maryland Heights Police Department, and Jim Fossell (Count VII).  (Pet., ECF No. 7)

Also on June 18, 2014, Defendants filed a Motion to Dismiss, asserting that the Court should dismiss Plaintiff's petition for failure to state a claim under Rule 12(b)(6) of the Federal

Rules of Civil Procedure.[1] (Defs.' Mot. to Dismiss, ECF No. 6)  Plaintiff filed a Response on July 2, 2014, and Defendants replied on July 8, 2014.  (Pl.'s Resp., ECF No. 11; Defs.'Reply Mem., ECF No. 12)

## Standard for Ruling on a Motion to Dismiss

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.*  This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true.  *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).  Further a court should not dismiss the complaint simply because the

---

[1]  Defendants do not specifically reference Fed. R. Civ. P. 12(b)(6) in their motion or memoranda.  However, because Defendants rely on *Bell Atlantic Corp. v. Twombly* in support of their motion, the Court interprets said motion to dismiss as one brought pursuant to Rule 12(b)(6).  550 U.S. 544, 548, 570 (2007) (addressing the issue of whether the complaint could survive a motion to dismiss and articulating the standard for dismissal under Rule 12(b)(6)).

court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

## Discussion

Upon review of the Defendants' Motion to Dismiss and related memoranda, the undersigned finds that dismissal is not appropriate at this time. At the motion to dismiss stage, the only issue before the Court is whether the pleadings state a cause of action that is plausible on its face. Here, Plaintiff asserts that the Condemnation Order and Notice, as well as oral instructions, permitted him to make minor repairs and clean his home during daylight hours. He additionally claims that when Defendants arrested him at 7:00 p.m. in July, it was it was still light outside. (Pl.'s Response 5-6, ECF No. 11) Plaintiff contends that, despite legally occupying his home to perform repairs, Defendants falsely arrested and incarcerated him in violation of state law and Plaintiff's constitutional rights. (Pet., ECF No. 7) Further, in this instance, Plaintiff asserts that he is able to file an amended complaint that will cure the defects Defendants allege in the motion to dismiss. While Plaintiff did not file a formal motion to file a first amended complaint, the Court notes that Plaintiff makes several requests to amend in the body of the Response. (Pl.'s Resp. to Defs.' Mot. to Dismiss 9-10, ECF No. 11) In addition, the Plaintiff agrees with Defendants that the City of Maryland Heights and the Maryland Heights Police Department may be sued as a single entity. (*Id.* at 10)

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course within 21 days after serving the pleading or, in all other cases, with written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a).

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In this case, Court has not yet held a Rule 16 scheduling conference or issued a Case Management Order such that allowing Plaintiff to file an amended complaint would not prejudice any party. Thus, the Court finds that, in the very early stages of litigation, leave to file a First Amended Complaint is warranted, as Plaintiff has indicated several times that he could cure any defects in an amended complaint and has identified additional allegations he could make to achieve such cure. To comply with Eighth Circuit law, however, the Court will direct Plaintiff to file a proper motion for leave to file an amended complaint, along with an attached proposed First Amended Complaint. *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion."); *see also Minneapolis Firefighters' Relief Ass'n v. MEMC Elec. Materials, Inc.*, 641 F.3d 1023, 1030 (8th Cir. 2011)(stating a sufficient motion for leave to amend seeks leave to amend; attaches a copy of the proposed amended complaint; and specifies the additional allegations that would overcome the motion to dismiss).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 6) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff shall file a Motion for Leave to File First Amended Complaint with an attached proposed First Amended Complaint no later than October 7, 2014.

Dated this 23rd day of September, 2014.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE